## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 07 2017, 6:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael A. Wilson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 7, 2017

Court of Appeals Case No.
49A02-1604-CR-908

Appeal from the Marion Superior Court

The Honorable Christina Klineman, Judge

Trial Court Cause No.
49G17-1603-CM-10168

**Altice, Judge.**

**Case Summary**

[1] Following a bench trial, Michael A. Wilson was convicted of invasion of privacy as a Class A misdemeanor. On appeal, Wilson presents one issue for our review, which we restate as: Whether there was an improper variance between the charging information and the proof at trial.

[2] We affirm.

## Facts & Procedural History

[3] On March 14, 2016, an ex parte order for protection was issued, ordering Wilson to stay away from Millette Grady and her residence located at a specified address in Marion County. The protective order was served on Wilson the following day. Later in the day after the order was served, Wilson returned to Grady's residence. Grady called the police and reported that Wilson was at her home and that he "should not be there." *Transcript* at 6.

[4] Officer Eric Hotseller of the Indianapolis Metropolitan Police Department along with a second officer were dispatched to Grady's residence. As the officers were talking to Grady at her front door, Wilson walked around the corner of the building and approached them. Both Grady and Wilson had a copy of the protective order. Officer Hotseller confirmed with control that a protective order had in fact been served on Wilson earlier that day. Officer Hotseller then placed Wilson under arrest for invasion of privacy.

[5] On March 16, 2016, the State charged Wilson with invasion of privacy as a Class A misdemeanor. Wilson filed a motion for an early trial, which the trial

court granted. A bench trial was held on April 6, 2016. During the bench trial, the State introduced as State's Exhibit 2 a copy of the March 14 ex parte order for protection. After the State presented its evidence and again at the conclusion of all evidence, Wilson moved for involuntary dismissal under Ind. Trial Rule 41(B). The trial court denied each motion and found Wilson guilty as charged and sentenced him to time served. Wilson now appeals.

## Discussion & Decision

[6] Indiana's invasion of privacy statute provides, in pertinent part, as follows:

> A person who knowingly or intentionally violates:
>
> > (1) a protective order to prevent domestic or family violence issued under IC 34-26-5...;
> >
> > (2) an ex parte protective order issued under IC 34-26-5...;
>
> commits invasion of privacy, a Class A misdemeanor.

Ind. Code § 35-46-1-15.1. Wilson's charging information alleged a violation of a protective order under subsection (1) and tracked the language thereof.[1] The State's evidence at trial, however, consisted of an ex parte protective order as set out in subsection (2) of the statute. Wilson thus argues that his conviction

---

[1] The charging information also identified the protective order by reference to the cause number under which it was issued.

must be reversed because the State failed to prove that he violated a protective order under subsection (1) as alleged in the charging information.

[7] The State admits that the charging information incorrectly alleged a violation of a protective order under subsection (1) rather than a violation of an ex parte protective order under subsection (2). The State argues, however, that dismissal is not necessary because there is no material variance in the charging information and the State's proof at trial.

[8] We agree with the State that the issue at hand concerns whether there was a material variance. As a general matter, a "variance" is a difference between the pleading and proof at trial. *Allen v. State*, 720 N.E.2d 707, 713 (Ind. 1999). Not all variances are material and thus not all variances require reversal. *Id.* "Relief is required only if the variance (1) misled the defendant in preparing a defense, resulting in prejudice, or (2) leaves the defendant vulnerable to future prosecution under the same evidence." *Blount v. State*, 22 N.E.3d 559, 569 (Ind. 2014).

[9] We begin by noting that for purposes of preparing a defense in this case, there is no relevant distinction between a protective order and an ex parte protective order. As noted in the statute defining invasion of privacy, both orders are issued pursuant to the same chapter, Ind. Code 34-26-5,[2] and serve the same purpose to promote the protection and safety of all victims of domestic or

---

[2] This chapter is titled "Indiana Civil Protection Order Act." I.C. 34-26-5.

family violence and the prevention of future domestic and family violence. The key difference between a protective order and an ex parte protective order is the procedural manner in which the order was obtained. A protective order may be issued after a hearing at which the parties are present and an ex parte order may be issued without notice or hearing or after a hearing at which respondent had notice, but did not appear.[3] Thus, because subsections (1) and (2) of the invasion of privacy statute essentially define the same crime, proof that Wilson violated a protective order, ex parte or otherwise, is proof that he committed invasion of privacy.

[10] In sum, the error in the charging information did not impact Wilson's defense preparation and given that the charging information identified the date of the offense and the cause under which the protective order was issued, Wilson is not vulnerable to future prosecution for the same offense. We find therefore that there was no material variance in the charging information and the proof at trial.

[11]  Judgment affirmed.

[12] Riley, J. and Crone, J., concur.

---

[3] When a trial court issues an ex parte protective order, the court, upon request, shall set a date for a hearing on the petition. *See* I.C. § 34-26-5-10.